The Chief Justice
delivered the opinion.
, Smith having obtained a judgment ⅛ ejectment against Hornback and Reed, caused a writ of habere facias posses’-i sionem to be issued, on which the sheriff returned, “Executed April tbe. 20th, 1820, by delivering the possession “of the within described tenements, &c. to Wethers Smith “at his request.” Hornback and Reed afterwards moved the court to quash (lie writ of habere facias possessionem, and award a writ, of restitution. On the hearing of the motion, it appeared from' the record that the time of the demise laid in the declaration had expired before tile emanation of the writ of habere facias possessionem; but it alto appeared that after the rendition of the judgment ⅛ ejectment, Hornback and Reed, with Others, had filed á bill with injunction, whereby the execution of the judgment had been delayéd, and after the decree in that case was pronounced, cootmissioners had been appointed under the Occupying claimant law, and Smith had paid, and secured to be paid, the amount reported by the commissioners for improvements, and Smith produced parol evidence conducing to shew that Hornback, previous to the emanation Of the writ, had consented to Smith’s taking possession, hnd that he had actually built a fence enclosing the land recovered from him; and he proved that Reed had said, the day before the sheriff came to deliver possession, that it was useless for Smith to get a writ of possession against him, for he already had the possession. The counsel for Smith did not oppose the quatoing of the writ of habere facias possessionem, but objected to the award of a writ of restitution. The circuit court quashed the writ of habere facias possessionem, and awarded restitution as to Reedf but refused to award restitution as to Hornback; and from that judgment both parties have appealed to this court.
On the part of Smith it is contended, that the court erred in quastiing the writ of habere facias possessionem and . in awarding restitution to Reed: and on the other side it is * urged, that the court erred in not awarding restitution to Hornback as well as to Reed.
It is Very obvious, that the delay of the execution of tbe judgment in ejectment, by the injunction and the subsequent proceedings, could not legalize the emanation of the *393 writ of habere facias possessionem, after the expiration of the term of the demise laid in the declaration.
AVer the mise laid in a declaration in ejectment is expired.no habere facias can issue,tho* the execution may have been suspended ny injunction.
' The verity of a sheriff’s return cannot be collaterally questioned by p-,rnl, iti»* ii may be ques'ion- d \v 'ere it is directly in issue.
Hardin for Smith, Talbot for Hornback.
The judgment being rendered for the term in the declaration mentioned, could only bare operation during the ex isteoce of the term; and when that had ceased, a habere facias possessionem could not regularly be issued, whatever might have been the cause which prevented its emanation, while the judgment remained operative; for in no case can an execution be legally issued but where there is a judgment to justify it. The writ of habere facias possessionem having, then, been irregularly issued, was properly quashed by the circuit court; and where an execution is quashed for irregularity, or a judgment is reversed far error, if it appears from the record that the money, or thing for which the judgment had been rendered, or the execution had issued, was paid or delivered to the plaintiff, the defendant will be entitled to be restored to that which he has lost, and a writ of restitution shall be awarded 2 Tidd’s Prac. 936-7,1137. This doctriné is, however, contended not to be applicable to a case like the present, where it is shewn that the possession was gained, not in virtue of the execution, but bv the consent of the defendant previous to the emaoation of the execution. But as it appears from the sheriff’s return that he delivered the possession to the plaintiff in virtue of the execution, parol evidence to shew that the possession was otherwise gained, is inadmissible. For so high is the virtue of the sheriff's return regarded, that, generally, no averment can be admitted against it. 6 Com. Dig. tit. Return, letter G. To this general rule there are indeed exceptions, as in an action upon Vie case, against the sheriff, for a false return, and some others of a like nature, in which the truth of the return is put directly in issue in a proceeding instituted for the purpose of avoiding the consequences of a false return, or of being indemnified against such consequences; but we are aware of no case in which, like the present, the question incidentally arises in a proceeding in the same case in which the return is made, it has been allowed to impeach its verity by evidence dehors the record.
■ The judgment must be reversed, and the cause remanded that a judgment may be entered, awarding restitution to Hornback as well as to Reed.
Smith la pay the costsof each appeal.